FILED
2012 Oct-19  AM 09:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| NICOLE HICKS, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: |
| LVNV FUNDING, LLC, a | ) |
| corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's

Complaint against the Defendant states as follows:

1.    This action arises out of Defendant's repeated violations of the Fair Debt
Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]),
out of state law violations and out of the invasion of Plaintiff's personal and
financial privacy by the Defendant and its agents in its illegal efforts to collect
a consumer debt from Plaintiff.

2.    The Plaintiff was sued for a debt Plaintiff did not owe.

3.    Defendant LVNV Funding, LLC never had any intention of offering any proof
at trial.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

4.    Instead, the lawsuit against Plaintiff was filed in a hope of obtaining a default judgment or coercing Plaintiff into paying on a debt he did not owe.

5.    This is the pattern of collection activity by Defendant LVNV Funding, LLC in its collection lawsuits in Alabama.

6.    The Plaintiff won the lawsuit.

## JURISDICTION

7.    Personal jurisdiction exists over Defendant LVNV Funding, LLC as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama.  All the actions described in this suit occurred in Alabama.

8.    Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

9.    Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendant LVNV Funding, LLC does business in this judicial district.

## PARTIES

10. Plaintiff Nicole Hicks (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. Defendant LVNV Funding, LLC, ("Defendant" or "LVNV[2]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama. It is a "debt collector" under the FDCPA. It is incorporated in Delaware and has its principal place of business in Nevada.

## BACKGROUND INFORMATION ON DEBT BUYER LAWSUITS IN ALABAMA

12. This case represents a growing trend in the debt collection and credit reporting industries.

13. First, a debt buyer which claims to buy the Plaintiff's debt for pennies on the dollar will sue the Plaintiff in small claims or district court.

14. While the debt buyer will claim that it has accurate records, this is not true.

15. The purchase agreement between the original creditor and the first debt buyer will state that there is no promise or representation as to the accuracy of the information sold to the first debt buyer.

---

[2] "LVNV" means LVNV directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

16. That first debt buyer cannot represent any greater quality to any subsequent debt buyer.

17. In this case, LVNV sued the Alabama consumer.

18. LVNV hired a collection law firm to file the suit.

19. Generally, most consumers default as they assume if a lawsuit has been filed, it must be legitimate.

20. Occasionally, however, the consumer will file an answer and deny owing money.

21. LVNV and the collection lawyer know that in virtually every case they will be unable (or unwilling) to prove that the consumer owes this debt to the debt buyer.

22. LVNV and collection law firm have no intention of proving their case.

23. No witness will be provided by the debt buyer.

24. No admissible evidence will be presented in court.

25. The entire model is based upon filing a high volume of cases, obtaining default judgments, and never proving the allegations of the lawsuit.

26. The case gets set for trial.

27. The judge rules in favor of the consumer at the trial.

28. LVNV has 14 days to appeal from an adverse judgment in Alabama Small Claims or Alabama District Court.

29.   LVNV does not appeal.

30.   LVNV knows that losing its case means under Alabama law that the debt is not owed by the consumer to the debt buyer.

31.   The factual allegations above relate directly to Defendant LVNV concerning the filing of the lawsuit by Defendant LVNV, its lack of any intent or ability to prove its case against Plaintiff who does not owe Defendant LVNV any money on this account, and the collection activities of Defendant LVNV against Plaintiff.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

32.   Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

33.   Congress recognized that there are four social ills caused by abusive debt collection:   (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

34.   Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

35.   15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)   There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.

**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## The Small Claims Complaint

36.   On December 20, 2011, Defendant LVNV sued Plaintiff Hicks in the Small Claims Court of Jefferson County, Alabama, with a case number of SM-2011-906448.

37.   This suit was filed by the Cloud & Tidwell, LLC collection law firm.

38.   In this suit, Defendant LVNV asserted it was the owner of a certain debt allegedly owed by Plaintiff.

39.   The amount owed was listed at $836.03 plus court costs.

40.   The original creditor is listed as "Credit One Bank, N.A."

41.  The suit has a warning to the Plaintiff Hicks who was sued that if Plaintiff Hicks failed to respond, a judgment may be entered against Plaintiff Hicks and "ONCE A JUDGMENT HAS BEEN ENTERED AGAINST YOU, YOUR PAYCHECK CAN BE GARNISHED AND/OR **YOUR HOME OR PROPERTY SOLD** TO SATISFY THAT JUDGMENT."   [Emphasis added].

42.  Given this lawsuit, Defendant LVNV would be expected to have an intention of proving its case.

43.  No such intention existed.

44.  Defendant LVNV never intended to offer evidence to prove its case.

45.  This lawsuit, and the hundreds of other Alabama lawsuits filed by LVNV, was filed with the intention of getting settlements from pro se consumers and default judgments on debts that Defendant LVNV cannot and will not prove it has any right to collect on.

<u>**Plaintiff Answers The LVNV Lawsuit**</u>

46.  Plaintiff did not and does not owe the debt.

47.  Plaintiff filed an Answer denying the allegations of Defendant LVNV.

48.  The Answer was filed on January 13, 2012 by Plaintiff's attorney.

49.  Defendant LVNV received a copy of this denial.

50.  Defendant LVNV understood that Plaintiff was refusing to pay on this debt.

51.   Defendant LVNV understood that Plaintiff disputed this debt.

## The Judge Sets The LVNV Lawsuit For Trial

52.   The state court set the case for trial.

53.   Notice was sent to Defendant LVNV and Plaintiff.

54.   At all times Plaintiff was prepared for trial.

55.   At all times Defendant LVNV was unprepared for trial.

56.   Defendant LVNV knew that with its intention to never prove the case, and with a represented Plaintiff, the case was lost.

## LVNV Loses The Collection Case

57.   On February 27, 2012, District Court Judge Bynon entered a judgment for Plaintiff Hicks against Defendant LVNV.

58.   This ended the case Defendant LVNV filed against Plaintiff.

## Defendant LVNV Falsely Credit Reports on Plaintiff's Credit

59.   Credit reporting by Defendant LVNV occurred before, during, and after the collection lawsuit.

60.   Defendant LVNV knew, or should have known, that its credit reporting was false.

61.   The reason for the credit reporting was to force the Plaintiff into paying a debt not owed.

## **Remaining Factual Allegations Against Defendant LVNV**

62.   Defendant LVNV is not the owner of this alleged debt.

63.   Defendant LVNV has collected against Plaintiff when Plaintiff did not owe any money to Defendant LVNV on this account.

64.   Defendant LVNV has misrepresented the debt to Plaintiff.

65.   Defendant LVNV has threatened to take action it knows is illegal for Defendant LVNV to take.

66.   These collection activities include credit reporting.

67.   Plaintiff did not and does not owe this money to Defendant LVNV.

68.   The debt being collected is a consumer debt as defined by the FDCPA.

69.   Plaintiff is a "consumer" as defined by the FDCPA.

70.   Defendant LVNV is a "debt collector" as defined by the FDCPA.

71.   Defendant LVNV refused to give Plaintiff all required notifications and disclosures under the FDCPA.

72.   Defendant LVNV has been repeatedly sued in Alabama for filing suits with no basis to do so.

73.   Defendant LVNV has been repeatedly sued in Alabama for filing suits with no intention of proving the allegations in the lawsuits.

74.   Defendant LVNV has been repeatedly sued in Alabama for false credit reporting on debts not owed by Alabama consumers.

75. Judgments exist in this state against Defendant LVNV for this same type of wrongful conduct.

76. Defendant LVNV has full knowledge of what it is doing by filing bogus lawsuits and illegal collection activities.

77. Defendant LVNV files numerous lawsuits with no intention of proving those lawsuits.

78. Defendant LVNV is counting on the fact that many Alabama consumers will not answer and so default judgments will be entered.

79. This type of "scattershot" litigation strategy is improper, deceptive, and abusive.

80. The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

81. It is a practice of the Defendant LVNV to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

82. Defendant LVNV knows its conduct is wrong.

83. All actions taken by employees, agents, servants, or representatives of any type for the Defendant LVNV were taken in the line and scope of such individuals' employment, agency or representation.

84. All actions taken by the Defendant LVNV were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

85. Defendant LVNV has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendant LVNV is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

86. Defendant LVNV is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

## SUMMARY

87.   All of the above-described collection activities made to Plaintiff by Defendant LVNV were made in violation of the FDCPA, including (but not limited to) §1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692f(6).

88.   The above-detailed conduct by the Defendant LVNV of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

89.   This series of abusive collection actions by Defendant LVNV caused Plaintiff stress and anguish.

90.   Defendant LVNV's attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

91.   Plaintiff has suffered actual damages as a result of these illegal actions by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### NEGLIGENT AND WANTON HIRING AND SUPERVISION

92.  Defendant LVNV negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

93.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94.  The acts and omissions of Defendant LVNV constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including (but not limited to) §1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692f(6).

95.  As a result of Defendant LVNV's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant LVNV.

### COUNT II.

### INVASION OF PRIVACY

96.  Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

97.    Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant LVNV violated Alabama state law as described in this Complaint.

98.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

99.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

100.   Defendant LVNV intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns

or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

101. Defendant LVNV intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

102. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

103. The conduct of Defendant LVNV, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant LVNV which occurred in a way that would be highly offensive to a reasonable person in that position.

104. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant LVNV.

105. All acts of Defendant LVNV were committed with malice, intent, wantonness, and/or recklessness and as such Defendant LVNV is subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

106. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

107. Defendant LVNV's collectors are allowed and encouraged to break the law in order to collect debts.

108. Defendant LVNV is aware of the wrongful conduct of its collectors.

109. Defendant LVNV negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant LVNV is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

110. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

111. Defendant LVNV had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

112. Defendant LVNV had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

113.   Defendant LVNV acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

114.   Defendant LVNV violated all of the duties Defendant LVNV had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

115.   It was foreseeable, and Defendant LVNV did in fact foresee it, the actions of Defendant LVNV would lead and did lead to the exact type of harm suffered by Plaintiff.

116.   Defendant LVNV acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

117.   Defendant LVNV invaded the privacy of Plaintiff as set forth in Alabama law.

118.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

119.   As a result of this conduct, action, and inaction of Defendant LVNV, Plaintiff has suffered damages as set forth in this Complaint.

## COUNT V

## MALICIOUS PROSECUTION AND ABUSE OF PROCESS AGAINST DEFENDANT LVNV

120. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

121. Defendant LVNV instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so.

122. Defendant LVNV filed the lawsuit with no intention of ever proving its case.

123. Defendant LVNV continued to prosecute the case with no intention of ever proving its case.

124. Defendant LVNV filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against Plaintiff if Plaintiff did not answer the suit.

125. Defendant LVNV instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay Defendant LVNV money on a non-existent debt.

126. The malicious plan of Defendant LVNV included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and the Defendant LVNV tried to accomplish this by the Defendant LVNV's malicious and abusive actions.

18

127. Throughout the entire illegal lawsuit against Plaintiff, Defendant LVNV knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant LVNV knew it was not entitled to receive.

128. The litigation against Plaintiff filed by Defendant LVNV eventually resulted in adjudication in favor of Plaintiff.

129. The illegal and improper actions of the Defendant LVNV constitute malicious prosecution and abuse of process.

130. This is the pattern and practice of Defendant LVNV – to file suits with no basis and no intention of ever proving the case in an attempt to obtain default judgments against Alabama consumers or to obtain settlements from Alabama consumers who do not realize the bogus nature of the suits filed by Defendant LVNV.

131. The Plaintiff suffered past and future emotional distress and monetary loss as a direct and proximate result of Defendant LVNV's abuse of process and malicious prosecution.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment

be entered against Defendant LVNV for all damages allowable (including statutory,

actual, compensatory, nominal and punitive the total of which Plaintiff claims

more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further

violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiff**


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____

**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

LVNV Funding, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104